cpc

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| FERNANDO GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05 C 6719 |
| | ) | |
| ILLINOIS DEPARTMENT OF HUMAN | ) | Judge Wayne Andersen |
| SERVICES, | ) | District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM, OPINION, AND ORDER

Before the Court is defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

On November 28, 2005, the plaintiff, Fernando Gomez filed a complaint against defendant, Illinois Department of Human Services for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981. Gomez is a Mexican-American who has been an employee of the defendant from 1990 to the present. Plaintiff's complaint arises from incidents beginning in October or November of 2003 when he claims he was verbally harassed by a co-worker and that the harassment pertained to his national origin. He further alleges that, when he informed his supervisor of the inappropriate behavior, she not only did nothing to remedy the situation but in fact escalated it by making offensive comments

herself. Plaintiff claims that, subsequently, both his co-worker's harassment and his supervisors' disregard of his complaints continued. Plaintiff is asking this court for declaratory judgment, compensatory damages in the amount of $175,000, as well as punitive damages.

## STANDARD OF REVIEW

This court will review the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing the sufficiency of a complaint, the court's role is not to consider how likely the plaintiff is to succeed but simply whether he is entitled to offer evidence to support his claims. *Triad Assocs. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989), quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). When deciding a motion to dismiss, a court must accept the factual allegations made by the plaintiff as true and draw all reasonable inferences in the plaintiff's favor. *DeWalt v. Carter*, 224 F.2d 607, 612 (7th Cir. 2000). "It is well established...that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 605 (7th Cir. 1987).

## DISCUSSION

### I. Section 1981

Defendant argues that the plaintiff is barred from bringing any claim under Section 1981 against state agencies such as the Illinois Department of Human Services. As a state agency, the IDHS is immune under the Eleventh Amendment from federal damages and therefore plaintiff's Section 1981 claim must fail. See *Rucker v. Higher Educational Aids Bd.*, 669 F.2d 1179, 1184 (7th Cir. 1982). In *Hearne v. Board of*

*Education of the City of Chicago*, the Seventh Circuit made its viewpoint on this issue clear when it stated that "neither the State of Illinois, (former) Governor Edgar in his official capacity, nor the IELRB [Illinois Educational Labor Relations Board] could be sued for damages under 42 U.S.C. § § 1981, 1982, or 1983. We regard this as so well established that it needs no further discussion here." Therefore, any claims brought by plaintiff under 42 U.S.C. § 1981 are dismissed.

## II. Title VII Claim

In his complaint, the plaintiff, represented by counsel, identifies his cause of action as disparate treatment in violation of Title VII. The defendant moves to dismiss this claim stating that plaintiff has failed to allege that he suffered any "adverse employment action," which it argues is an essential element of plaintiff's cause of action. The Supreme Court has interpreted the language of Title VII to go beyond purely economic or tangible discrimination and has found that the statute's purpose was to "strike at the entire spectrum of disparate treatment of men and women in employment" which includes subjecting employees to discriminatorily hostile work environments. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 20 (1993), quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57 (1986).

We agree that plaintiff's complaint has not identified any adverse employment action. The Supreme Court has defined an adverse employment action as being composed of a "significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." *Burlington Indus. V. Ellerth*, 524 U.S. 742, 761 (1998). Case law does not support plaintiff's argument that discriminatory comments constitute a

3

materially adverse employment action for the purposes of a Title VII discrimination claim. Therefore, plaintiff's complaint has not maintained a cause of action for Title VII national origin discrimination independent of a hostile work environment claim.

However, discrimination which is actionable under Title VII can come in the form of discriminatory comments and harassment which constitute a hostile work environment. "Title VII affords employees the right to work in an environment free from discriminatory intimidation, ridicule and insult." *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986). The plaintiff has properly alleged the elements of a discrimination claim based on a hostile work environment under Title VII. This claim is distinct from the national origin discrimination claim discussed above because an "adverse employment action" is not an element, instead a prima facie case consists of showing (1) plaintiff was subjected to unwelcome harassment, (2) the harassment was based on his race, (3) the harassment was severe and pervasive enough to alter the conditions of his environment and create a hostile and abusive working environment, and (4) there is a basis for employer liability. *Mason v. Southern Ill. Univ. at Carbondale*, 233 F.3d 1036, 1043 (7th Cir. 2000).

In his complaint, the plaintiff needs only to include allegations which give the defendant fair notice of what his claims are and the grounds upon which they rest. *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). The Seventh Circuit declared that "repeated incidents of verbal harassment that continue despite the employee's objections are indicative of a hostile environment." *Shanoff v. Ill. Dep't of Human Servs.*, 258 F.3d 696, 704 (7th Cir. 2001). Gomez's complaint claims repeated incidents of harassment by his co-worker and complaints to his supervisor that were not only ignored but which led

4

to inappropriate behavior by the supervisor herself. Gomez has sufficiently pled a claim

for hostile work environment due to national origin harassment.

## III. Punitive Damages

The Illinois Department of Human Services correctly asserts that, as a

government entity, it is exempt from punitive damages pursuant to a Title VII claim.

Punitive damages for intentional discrimination in employment are available against a

respondent "other than a government, government agency or political subdivision." 42

USCS § 1981a(b)(1). Courts have explained that the rationale for this exception is based

on the idea that awarding punitive damages against governmental agencies really

punishes innocent taxpayers because huge awards are likely to result in either increased

taxes or a decrease in public services for citizens who end up paying though they are not

connected to the unlawful behavior. *Baker v. Runyon*, 114 F.3d 668, 672 (7th Cir. 1997),

quoting *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266-67 (1981). Therefore,

plaintiff's claims for punitive damages are dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [11] is granted in part

and denied in part. We grant the defendant's motion to dismiss as to any of plaintiff's

claims that arise under 42 U.S.C. § 1981, any Title VII discrimination claim not

predicated on a hostile work environment, and any requests made by plaintiff for punitive

damages. We deny the defendant's motion to dismiss in so far as it proposes that

plaintiff's complaint has failed to allege any claim.

Plaintiff has adequately pled a cause of action under Title VII for a hostile work

environment based on harassment due to national origin.

It is so ordered.

_Wayne R. Andersen_
Wayne R. Andersen
United States District Court

Dated: _August 3, 2006_